O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| FRANKLIN R. GALLEGOS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>　　　　Defendant. | Case No. EDCV 09-01275-MLG<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Franklin R. Gallegos seeks judicial review of the Social Security Commissioner's denial of his application for Social Security Disability Insurance ("SSDI") benefits. For the reasons stated below, the decision of the Social Security Commissioner is reversed, and the matter is remanded for further proceedings consistent with this opinion.

**I.　Facts and Procedural Background**

Plaintiff was born on October 8, 1957. He has a high school education and has worked for 18 years, from 1987 to 2005, as a concrete truck driver. (Administrative Record ("AR") at 116, 121, 124.) Plaintiff filed an application for SSDI benefits on April 2,

1

2007, alleging disability as of December 1, 2005, due to chronic neck and lower back pain and headaches arising from a work-related motor vehicle accident. (AR at 58, 116-20.) His application was denied initially and upon reconsideration. (AR at 60, 69.) An administrative hearing was held on December 9, 2008, before Administrative Law Judge ("ALJ") Michael D. Radensky. (AR at 20-56.) Plaintiff was represented by counsel and testified on his own behalf. A medical expert, Dr. Samuel Landau, and a vocational expert ("VE"), Luis Mas, also testified at the hearing. (*Id.*)

ALJ Radensky issued an unfavorable decision on March 23, 2009. (AR at 11-19.) The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of December 1, 2005, and meets the insured status requirements of the Social Security Act through December 31, 2010. (AR at 13.) Plaintiff's severe impairments were found to include degenerative disc disease of the neck and lumbosacral spine and obesity. These severe impairments, alone or in combination, did not meet the requirements of a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) The ALJ concluded that Plaintiff could not return to his past relevant work, but that he retained the residual functional capacity to:

> "Lift [and] carry twenty pounds occasionally, ten pounds frequently; stand [and] walk two hours in an eight-hour workday, us[ing] a cane as needed; sit six hours in an eight-hour workday; occasionally stoop and bend; can climb stairs but cannot climb ladders or work around heights or balance; can do occasional neck motion but should avoid extremes of motion; his head should be held

1           in a comfortable position most of the time, and he can
2           maintain a fixed head position 15 to 30 minutes at a time
3           occasionally; can do occasional to frequent work above
4           shoulder level and no work around motorized equipment or
5           unprotected heights."
6 (AR at 14.) Finally, the ALJ determined that Plaintiff was not
7 disabled because there were a significant number of jobs in the
8 national and local economy that Plaintiff could perform based on
9 the testimony of the VE. (AR at 17-18.)
10     The Appeals Council denied review on May 14, 2009, (AR at 2),
11 and Plaintiff commenced this action on July 6, 2009. Plaintiff
12 contends the ALJ erred in assessing his subjective complaints and
13 credibility. (Joint Stip. ("JS") at 3.)

## II.   Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094 (9th Cir. 1999); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means more than a scintilla, but less than a preponderance; it is evidence that a reasonable person might accept as adequate to support a conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the

evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. <u>Discussion</u>**

Plaintiff contends the ALJ improperly discredited his subjective symptom testimony. (JS at 3.) To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citing *Lingenfelter* 504 F.3d at 1035-36). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. *Lingenfelter*, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged pain is reasonably consistent with the objective medical evidence and other evidence in the case, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186

at *2 (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).[1]

Unless there is affirmative evidence showing that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. *Robbins*, 466 F.3d at 883. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick*, 157 F.3d at 722 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996)). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 & n.8 (9th Cir. 1996). The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. *Id*. (citations omitted).

Plaintiff testified that he has persistent pain in his neck and shoulders and difficulty sitting for more than 30 minutes at a time. (AR at 30, 44.) He testified that his medication, including hydrocodone, Soma, and ibuprofen, usually relieves and masks his pain, but that it causes lightheadedness, slowed reactions, and difficulty with judgment. (AR at 47-53.) On a good day, Plaintiff

---

[1] "The Secretary issues Social Security Rulings to clarify the Secretary's regulations and policy .... Although SSRs are not published in the federal register and do not have the force of law, [the Ninth Circuit] nevertheless give[s] deference to the Secretary's interpretation of its regulations." *Bunnell*, 947 F.2d at 346 n.3.

is able to wake up, do stretching exercises, prepare meals and do household chores before lying down to relieve tension. On a bad day, Plaintiff testified that he does not stretch or prepare meals, and instead soaks in a hot bath to relieve pressure from his neck and back. (AR at 36-37.) He testified that whether a day is good or bad usually depends on how much activity he did the day before, and that he has approximately three good days per week. (*Id.*)

Here, the ALJ found Plaintiff's medical impairments could reasonably be expected to produce the alleged symptoms. (AR at 16.) He was therefore required to provide specific, clear and convincing reasons for rejecting Plaintiff's subjective allegations of pain and functional limitations. The ALJ provided three reasons for rejecting Plaintiff's subjective testimony to the extent it indicated limitations greater than those articulated in the RFC assessment:

> (1) [T]here is no evidence [Plaintiff] underwent regular treatment employing a regimen or therapy consistent with the alleged severity of his complaints for any period of 12 or more continuous months, which could reasonably be expected from one suffering unrelenting pain, debilitating symptoms, and severe functional limitations such as those alleged; (2) Plaintiff did not allege an inability to provide his own care...; (3) He testified the medications relieve his pain and that the pain is generally well controlled."

(AR at 16-17.) In light of the other evidence in the record, these reasons were insufficient to reject Plaintiff's testimony regarding his symptoms and related limitations.

6

The ALJ's finding that the prescribed treatment regimen does not reflect that of someone with the alleged debilitating pain and limitations is not substantially supported. The record reveals that Plaintiff underwent consistent treatment and therapy for his neck and back from the alleged onset date. (*See* AR at 165-96, 212-309, 323-414.) In the year following his injury, Plaintiff had numerous consultations at the Orthopaedic Medical Group of Riverside, Inc. (AR at 197-209, 306-09.) Review of MRIs revealed injuries to the cervical and lumbar spine. (*Id.*) Plaintiff was referred for chiropractic therapy and prescribed pain relievers and muscle relaxers. (AR at 208-09.) Plaintiff attended chiropractic therapy at least weekly from December, 2005, through October, 2006. (AR at 213-301.) Beginning in October, 2006, through 2007, Plaintiff was treated at the Veteran's Administration for these injuries. An MRI revealed multilevel degenerative disc disease, and Plaintiff was prescribed pain medicine and referred to physical therapy. (AR at 325-38.)

Although the record does not include recommendations for aggressive treatment (*e.g.* surgery), Plaintiff consistently sought out and cooperated with the treatment recommendations by his medical providers during the alleged period of disability. There is no evidence Plaintiff "failed to seek treatment or follow a prescribed course of treatment" that would support an adverse credibility determination. *See Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). Moreover, the ALJ did not identify specific facts in the record suggesting Plaintiff's treatment was inconsistent with the level of symptoms and limitations experienced. *Smolen*, 80 F.3d at 1284 ("The ALJ must state specifically which symptom

7

testimony is not credible and what facts in the record lead to that conclusion."); *see also Delguidice v. Astrue*, 2009 WL 4507732, at *10 (N.D. Cal. Dec. 1, 2009) (reversing and remanding where ALJ failed to explain why claimant's "routine, conservative, outpatient care" was inconsistent with his subjective pain and limitation testimony).

The ALJ also found Plaintiff's testimony regarding functional limitations not credible because Plaintiff "did not allege an inability to provide for his own care. [He] testified that he does his own dishes, laundry, etc., and all household chores. He is able to drive a car." (AR at 17.) This conclusion does not accurately reflect Plaintiff's testimony and is not supported by substantial evidence in the record. Although Plaintiff did answer in the affirmative when asked if he can perform each of the specific tasks cited, he also stated that his son and daughter come to his home to help with household chores and that he does not drive often due to side effects of medication. (AR at 45-47.) Moreover, the ALJ's finding regarding washing dishes and doing laundry does not account for Plaintiff's testimony, described above, regarding "good" and "bad" days. Plaintiff testified that on a good day, he can prepare breakfast and do a load of laundry before lying down to relieve tension and pain in his back. (AR at 36-37.) On a bad day, he does not make breakfast and instead soaks in the bathtub. (*Id*.) He also testified that he has difficulty dressing, bathing, and using the toilet on a daily basis, an assertion supported by the record. (AR at 36, 127, 162.)

"[An] ALJ may reject a disability claimant's symptom testimony if the claimant is able to spend a substantial part of her day

performing household chores or other activities that are transferable to a work setting." *Smolen*, 80 F.3d at 1284 & n.7 (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). However, "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it may be impossible to periodically rest or take medication." *Id*. In Plaintiff's case, the record does not support a finding that Plaintiff spends a substantial portion of his day performing chores or activities transferable to a work setting. Instead, the record, including Plaintiff's testimony, reflects Plaintiff's inability to perform household chores on a sustained basis throughout the day. (AR at 36-37, 126-31, 150, 155, 162.) Plaintiff lies down to relieve pain after preparing a meal and doing a load of laundry, even on a good day. (AR at 36.) While Plaintiff is not "utterly incapacitated," his testimony and the record reflect significant difficulty performing activities of daily living without periods of rest. Accordingly, the ALJ's second reason for discrediting Plaintiff's testimony is not supported by substantial evidence in the record.

Finally, the ALJ rejected Plaintiff's subjective complaints because "He testified the medications relieve his pain and that the pain is generally well controlled." (AR at 17.) Again, if this were the entirety of Plaintiff's testimony, the ALJ's conclusion might have been justified. However, Plaintiff's testimony was not so simple. Plaintiff testified that he takes hydrocodone and Soma four times per day, which relieves and masks the pain but does not

eliminate it entirely.[2] (AR at 46-49, 51-52.) The medication causes Plaintiff to feel lightheaded, drowsy, and unable to react quickly. (*Id.*) The record as a whole demonstrates that frequent use of prescription medication relieves some of Plaintiff's pain, but not without limiting side effects. Accordingly, Plaintiff's testimony regarding limitations (e.g. difficulty driving while medicated) is not rendered incredible by his admission that his pain is relieved and generally controlled by medication.

## IV.  Conclusion

Courts have "some flexibility" in determining the appropriate remedy when an ALJ fails to provide legally sufficient reasons for rejecting a claimant's subjective complaints. *Vasquez*, 572 F.3d at 593 (citing *Connett*, 340 F.3d at 876). In general, crediting a claimant's testimony as true is appropriate where an ALJ has failed to provide adequate reasons for rejecting the testimony, there are no outstanding issues to be resolved before a determination of disability can be made, and it is clear that the ALJ would be required to find the claimant disabled if the testimony was credited. *Crismore v. Astrue*, — F.Supp.2d —, 2009 WL 3712593, at *7 (D.Mont. Oct. 30, 2009) (citing *Smolen*, 80 F.3d at 1293, and analyzing recent cases). Here, remand is appropriate for reconsideration of Plaintiff's functional limitations based on a

---

[2] Defendant asserts that Plaintiff's testimony regarding pain relief through medication is inconsistent and provides an additional reason to discredit Plaintiff. (JS at 16.) However, the ALJ did not find Plaintiff's testimony to be inconsistent, and it would be error for this Court to affirm the ALJ's decision based on reasons not discussed therein. *Connett v. Barnhart*, 340 F.3d 871, 873-74 (9th Cir. 2003).

10

legally sound assessment of Plaintiff's credibility. Accordingly, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Dated: January 27, 2010

_____
Marc L. Goldman
United States Magistrate Judge